Guadalupe R. HINOJOSA,
Plaintiff–Appellant,

v.

The CITY OF TERRELL, TEXAS, et al., Defendants,

Ron Jones, etc., Defendant–Appellee.

No. 88–1473

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 2, 1989.

Frank P. Hernandez, Dallas, Tex., for plaintiff-appellant.

David G. McCracken, Dallas, Tex., for Ron Jones.

Before CLARK, Chief Judge, HIGGINBOTHAM, Circuit Judge, and LITTLE,* District Judge.

PER CURIAM:

Guadalupe Hinojosa appeals from the district court's grant of summary judgment. Finding the grant of summary judgment to be supported by directly applicable circuit law, we affirm.

Mr. Hinojosa sued the City of Terrell and four of its police officers, alleging federal constitutional violations, pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and several state law claims. Hinojosa alleged that the police officers had used excessive force in quelling a poolroom brawl and subsequently arresting Hinojosa. Hinojosa alleged that the appellee, Officer Jones, had pointed a loaded revolver at him without cause or provocation, causing Hinojosa severe emotional distress. No physical

* District Judge of the Western District of Louisi-    ana, sitting by designation.

force was used in effecting his arrest. Hinojosa was not handcuffed.

The action went to trial, and the jury returned a verdict against Officer Jones and in favor of Hinojosa as to the § 1983 excessive force and the state assault claims. The verdict was in favor of the other defendants. Jones moved for judgment notwithstanding the verdict. The motion was denied, and the district court entered judgment on the verdict.

On appeal, a panel of this circuit held that there was no evidence to support the jury verdict. *Hinojosa v. City of Terrell,* 834 F.2d 1223 (5th Cir.1988). The panel held that Jones' action in pointing his service revolver at Hinojosa and Hinojosa's resulting distress did not support a claim under § 1983 for excessive use of force nor under state law for assault, because of the privilege afforded to police officers under Texas law. However, because Jones had neither moved for directed verdict nor objected to the interrogatories propounded to the jury, the panel did not determine the merits of the controversy and limited its relief to remanding the action for a new trial. *Id.* at 1228.

Immediately upon remand, Jones moved for summary judgment, asserting that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. He supported his motion with an affidavit that tracked the factual matters set out in the relevant portion of the panel opinion. The motion also relied heavily on the principles of law declared in the opinion. Hinojosa did not respond to the summary judgment motion until after judgment was entered against him. He now appeals, arguing that both the grant of summary judgment and the panel's opinion remanding the action are in error.

The first *Hinojosa* opinion is the law of the case and cannot be collaterally attacked. *Pettway v. American Cast Iron Pipe Co.,* 576 F.2d 1157, 1196–97 n. 42 (5th Cir.1978), *cert. denied,* 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979). Based upon the evidence adduced at trial, the panel concluded that Hinojosa had presented no evidence to support his cause of action. Jones' motion and supporting affidavit reiterated those facts and the court's conclusion. Jones thus clearly met his summary judgment burden. "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Hinojosa did not timely respond. This case was remanded because Hinojosa failed to adduce *any* evidence to support a jury verdict in his favor. When Jones supported his motion for summary judgment with proper affidavit proof of the facts upon which the remand was based, it became incumbent upon Hinojosa to provide additional evidence. Summary judgment was entirely proper because Hinojosa failed to provide that needed evidence. Jones' motion provided Hinojosa notice and opportunity to meet that burden, but he failed to timely respond.

The judgment appealed from is

AFFIRMED.