# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 15, 2015

Lyle W. Cayce
Clerk

No. 14-31080
Summary Calendar

COURTLAND TATUM,

> Plaintiff-Appellant

v.

CITY OF NATCHITOCHES; CAREY ETHEREDGE; RONNIE QUICK;
NATCHITOCHES PARISH DETENTION CENTER; DEE HAWTHORNE,

> Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-2670

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Courtland Tatum appeals the denial of his Section 1983 claims for alleged constitutional violations arising out of his arrest and prosecution for practicing law without a license. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31080

In May 2011, Detectives Carey Etheredge and Ronnie Quick of the Natchitoches Parish Sheriff's Office sought a warrant for Tatum's arrest for practicing law without a license.  Judge Dee Hawthorne issued the requested warrant after considering evidence that Tatum helped a woman prepare divorce papers, did not possess a law license, and had a criminal record that would preclude him from even obtaining a license were he otherwise qualified. Tatum was arrested and held at the Natchitoches Parish Detention Center for three days.  He was charged with practicing law without a license, but the charge was later dismissed as part of a plea agreement.

In October 2012, Tatum brought suit under Section 1983 against the City of Natchitoches, the Natchitoches Parish Sheriff's Office, the Natchitoches Parish Detention Center, Detectives Etheredge and Quick, and Judge Hawthorne for alleged constitutional violations arising out of his detention and prosecution.  Judge Hawthorne was never summoned and did not make an appearance.  The sheriff's office and detention center moved to dismiss for lack of capacity to sue or be sued, and the city and Detectives Etheredge and Quick moved for summary judgment.  The district court granted the motions after Tatum failed to respond, and also dismissed the claims against Judge Hawthorne.  Tatum timely appealed.

We agree with the district court's conclusions and rationale.  First, Tatum did not show good cause for failing to summon Judge Hawthorne. Thus, the court properly dismissed the claims against her.  *See* FED. R. CIV. P. 4(m). Additionally, as the court noted, the claims against Judge Hawthorne relate to her judicial acts and are therefore barred by the doctrine of absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).

Second, the court properly dismissed the claims against the sheriff's office and detention center because Tatum failed to allege or otherwise

2

No. 14-31080

establish that they have the capacity to sue or be sued under Louisiana law. *See* FED. R. CIV. P. 17(b); LA. CIV. CODE art. 24.

Third, Tatum did not establish the requirements for municipal liability, namely a policymaker's actual or constructive knowledge of an official policy or custom that was the moving force behind a constitutional violation. *See Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). As the city demonstrated in its summary judgment motion and supporting affidavits, the sheriff's office is not part of the city, and the city was not involved in or aware of Tatum's arrest or prosecution. Tatum did not respond to the city's motion or adduce any evidence supporting his claims against it. Thus, the court properly granted summary judgment for the city. *See Hinojosa v. City of Terrell*, 864 F.2d 401, 402 (5th Cir. 1989).

Finally, the court properly granted the detectives' motion for summary judgment on the basis of qualified immunity. Under the qualified immunity doctrine, officers maintain immunity if probable cause *arguably* existed for an arrest. *Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001). Detectives Etheredge and Quick demonstrated in their summary judgment motion and supporting affidavits that they possessed probable cause to believe that Tatum illegally prepared divorce papers for a woman without a law license. Tatum did not respond to the motion or adduce evidence. Thus, summary judgment in favor of the detectives was appropriate. *See Hinojosa*, 864 F.2d at 402.

AFFIRMED.